Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

**IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI**

| | | |
|---|---|---|
| **MYEESHIA RIGBY** on behalf of herself and others similarly situated, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.: ________________ |
| **AMAZON LOGISTICS, INC.** | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## PETITION

**COMES NOW** the Plaintiff, Myeeshia Rigby ("**Plaintiff**"), on behalf of herself and those similarly situated, by and through the Plaintiff's attorneys, and brings the following against Defendant, Amazon Logistics, Inc., ("**Defendant**"), pursuant to the Fair Credit Reporting Act ("**FCRA**").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a consumer reporting agency named First Advantage.

3. Defendant paid a fee for the information it obtained concerning the Plaintiff.

4. The information obtained concerning the Plaintiff, was a Consumer Report (as the term Consumer Report is defined pursuant to the FCRA).

5. Defendant relies on information in Consumer Reports to make decisions regarding the Plaintiff, and on information and belief, Defendant relies on similar information from Consumer Reports to make decisions regarding other prospective or current employees, including, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.



Case 5:25-cv-06178-FJG Document 1-1 Filed 10/16/25 Page 1 of 28

6. Defendant took an adverse action based in whole or in part on the Consumer Report and failed to provide the Plaintiff the report prior to the adverse action.

7. In taking the adverse action, without first providing a copy of the Consumer Report, the Defendant violated section 1681b(b)(3) of the FCRA.

8. Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, and all other relief available pursuant to the FCRA.

## PARTIES

9. Plaintiff is a resident of Kansas City, Missouri. Plaintiff is a member of the Putative Classes defined below.

10. Defendant Amazon Logistics, Inc. is a foreign company doing business in Missouri and may be served by its registered agent CSC-Lawyers Incorporating Service Company, 221 Bolivar St., Jefferson City, MO 65101.

11. On information and belief, Defendant employs more than 900,000 individuals.

## JURISDICTION AND VENUE

12. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331 and Article V, §14(a) of the Missouri Constitution.

13. Venue is proper in this Court pursuant to pursuant to R.S.Mo § 508.010.2(4).

## LEGAL AUTHORITY

14. Section 1681b(b)(1) of the FCRA dictates when a consumer reporting agency may provide a Consumer Report to an employer for employment purposes as follows:

> (A) the person who obtains such report from the agency certifies to the agency that—
>
> > (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and



Case 5:25-cv-06178-FJG Document 1-1 Filed 10/16/25 Page 2 of 28

Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

(ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; and

(B) the consumer reporting agency provides with the report, or has previously provided, a summary of the consumer's rights under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) [1] of this title.

15. The purpose of the FCRA certification is to have the consumer reporting agency act as a gatekeeper who protects the consumer's personal information and before releasing the personal information to an employer requires the employer to certify that the protections the FCRA affords consumers will be afforded to the consumer.

16. Absent the certification from the employer, the consumer reporting agency is legally required to deny access to the consumer's personal information.

17. Section 1681b(b)(2)(A) of the FCRA regulates the conduct of persons who obtain a Consumer Report about employees or prospective employees as follows:

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

18. The purpose of the disclosure is to place the consumer on notice that a Consumer Report may be obtained as part of the application process.

19. The purpose of the authorization is to allow the consumer to consent to the lawful use of the consumer's personal information for limited purposes.



Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

20. Section 1681b(b)(3) regulates the conduct of any person who used a Consumer Report to take an adverse action based in whole or in part on the Consumer Report against any employee or prospective employee as follows:

> Except as provided in subparagraph (B), in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) 1 of this title.

21. The purpose of Section 1681b(b)(3) is to provide an employee or prospective employee a reasonable amount of time to review the Consumer Report, to address any incomplete, inaccurate, or misleading information in the Consumer Report, to allow the target of the Report to notify the employer of the errors or misleading part of the Consumer Report before the adverse action is taken and to discuss the contents of the Consumer Report with the prospective employer.

## FACTUAL ALLEGATIONS

22. Plaintiff applied online through Amazon jobs with the Defendant in May of 2025 to work at the Liberty, Missouri location.

23. On May 28, 2025, Plaintiff attended an interview with Defendant.

24. After the interview Defendant offered Plaintiff a job and she completed the onboarding paperwork.

25. Plaintiff was told a background check would be performed.

26. On June 12, 2025, at Defendant's direction, Plaintiff drove to Defendant's location at 2361 S Withers Road in Liberty, Missouri and completed her pre-hire appointment.

27. Plaintiff took and passed the drug test required by Defendant on June 12, 2025.

28. Defendant required Plaintiff to watch an introduction and safety videos on June 12, 2025.

29. The Plaintiff was not paid for the time she spent watching the required videos.

30. Following the pre-hire appointment Plaintiff was provided with a scheduled start date of June 26, 2025, and assigned a shift schedule.

31. On June 12, 2025, Defendant ordered the Plaintiff's Consumer Report from First Advantage.

32. Prior to Plaintiff's start date, Defendant texted Plaintiff informing her the scheduled start date has been moved because a pre-hire requirement was not met.

33. Following the text message, Plaintiff received an email stating that Defendant was still waiting for her background check results.

34. Suspending Plaintiff's scheduled start date because of a pending background check is an adverse action based in whole or in part on a background check.

35. Plaintiff was confused and attempted to contact Defendant's Candidate Support Team in response to her scheduled start date being moved but received no call back from Defendant.

36. The only response Plaintiff received was an email on June 21, 2025 asking Plaintiff to provide feedback on her experience with the Amazon Candidate Support Team.

37. Plaintiff attempted a second time to contact Defendant and left a voicemail but did not receive a call back.

38. Plaintiff accessed Defendant's online platform which stated the Plaintiff did not have a schedule or scheduled start date selected.

39. First Advantage completed a Consumer Report for Defendant on July 2, 2025.



Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

40. Plaintiff did not receive a copy of the Consumer Report from the Defendant after July 2, 2025.

41. On information and belief, Defendant withdrew Plaintiff's offer of employment due to information in her Consumer Report.

42. Plaintiff expected to begin work on the scheduled start date and anticipated income and benefits thus causing Plaintiff to not continue to seek employment with other employers.

43. Defendant's lack of communication caused Plaintiff to hold off seeking employment longer than she otherwise would have.

44. As a result of Defendant's actions and Plaintiff's reliance Plaintiff was left unable to provide for herself during the relevant time period and lost her apartment.

45. Defendant's actions caused Plaintiff anxiety, stress, confusion, and embarrassment.

46. Plaintiff does not have a criminal record that would affect her employment.

47. Plaintiff never received a copy of her Consumer Report from Defendant.

48. Plaintiff was forced to call multiple Consumer Reporting Agencies in order to determine who provided Defendant with a copy of her Consumer Report.

49. Plaintiff eventually learned in late August of 2025, after making numerous calls, that First Advantage had provided Defendant with the Consumer Report.

50. Plaintiff received a copy of her Consumer Report from First Advantage months after being denied employment.

51. Plaintiff's Consumer Report confirms that she was to start work for the Defendant on June 24, 2025.

52. Plaintiff's Consumer Report shows a lone driving infraction of driving while suspended that is over five years old.



Case 5:25-cv-06178-FJG Document 1-1 Filed 10/16/25 Page 6 of 28

Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

53. Plaintiff's Consumer Report confirms she does not have frequent criminal activity and the driving while suspended information is not related to the job she was hired to work for Defendant.

54. Plaintiff is a member of a protected class according to the Kansas City ordinances.

55. Defendant's actions violated Kansas City ordinance §38-104 by taking an adverse action without following the FCRA adverse action procedures.

56. If Defendant had followed the FCRA adverse action procedures then Plaintiff could have contested the recency, frequency, and relatedness of the information contained in the Consumer Report.

57. Defendant's failure to timely provide the Consumer Report prevented Plaintiff from addressing the information contained therein.

58. Plaintiff was left confused by Defendant's actions and did not know how to challenge the employment decision.

59. Withdrawing Plaintiff's offer of employment because of information in her Consumer Report is an adverse action as defined pursuant to the FCRA, which creates an injury in law.

60. Defendant's actions fundamentally undermined the fairness and transparency the FCRA was designed to protect, and it caused Plaintiff to suffer both tangible losses—including the loss of a job opportunity and her apartment—and intangible injuries such as loss of dignity, uncertainty about the future, and frustration over being denied a fair process.

61. Defendant's failure to abide by the FCRA requirements accompanied with the withdrawal of her employment offer caused the Plaintiff emotional distress, reputational harm, and duress.

Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

62. The defendant's failure to provide Plaintiff with a copy of the consumer report and a summary of rights under the FCRA prior to taking adverse employment action deprived Plaintiff of a critical opportunity to understand her rights and review, contest, explain and/or dispute the information being used against her. As a direct result of this failure, Plaintiff was left confused and unaware of the basis for the denial of employment, how to challenge the action, or if she could challenge the action. Plaintiff's lack of knowledge regarding her rights created significant emotional distress and anxiety.

63. On information and belief, Defendant obtained a Consumer Report concerning the Plaintiff from First Advantage for employment purposes.

64. On information and belief, First Advantage required the Defendant to certify pursuant to 15 U.S.C. §1681b(b)(1) before obtaining a Consumer Report that the FCRA protections provided by 15 U.S.C. §1681b(b)(2) and §1681b(b)(3) would be followed by the Defendant.

65. Defendant's actions have denied the Plaintiff the opportunity to review, contest, or explain the contents of the Consumer Report.

66. Plaintiff would not have authorized the Defendant to procure her Consumer Report if she had known that the Defendant would not comply with the mandates of the FCRA.

67. Plaintiff would not have allowed the Defendant access to her personal information if she had known that her personal information would be used in violation of the law.

68. Taking an adverse action based on the Plaintiff's Consumer Report without first providing a copy of the Consumer Report to the Plaintiff exceeded the limited consent provided by the plaintiff, and therefore Defendant violated the FCRA.

Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

69. Defendant exceeded the Plaintiff's limited consent when the information contained in the Consumer Report was used in a manner that violated the law.

70. Plaintiff only allowed access to her Consumer Report for employment purposes.

71. The illegal use of the Plaintiff's personal information is akin to a breach of trust.

72. Defendant had a legal obligation akin to a trustee of the Plaintiff's consumer report to act in the best interests of the Plaintiff by allowing her an opportunity to review the personal and private information prior to any adverse action.

73. Defendant breached plaintiff's trust by failing to fulfill the company's obligations in a way that violated the terms of the law and the authorization which set standards of conduct expected of the defendant.

74. Defendant would not have had access to the plaintiff's private and personal information without obtaining a copy of the report prior to taking any adverse action.

75. The illegal use of the Plaintiff's personal information is an injury in fact.

76. Defendant's actions deprived the Plaintiff of her right to challenge and/or dispute the information in the Consumer Report.

77. Plaintiff lost the opportunity and ability to explain the information in the Consumer Report before the adverse action.

78. On information and belief, the Defendant certified to the Consumer Reporting Agency that the consumer report was obtained for employment purposes. Pursuant to the FCRA, Consumer Reporting Agencies may not provide a third-party entity, like the Defendant, with a Consumer Report without first receiving a 15 U.S.C. §1681b(b)(1) certification.

79. On information and belief, the Defendant certified to First Advantage that it would not use the Plaintiff's Consumer Report in violation of any applicable federal or state equal

Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

employment law or regulation.

80. On information and belief, Defendant certified to First Advantage that it would abide by 15 U.S.C. §1681b(b)(3) if that section became applicable.

81. On information and belief, the Defendant contractually agreed to abide by 15 U.S.C. §1681b(b)(3) (i.e., to provide a copy of the report to the applicant prior to taking adverse action) and other notice provisions if allowed access to Plaintiff's information.

82. Defendant's certification was false because the company did not abide by the FCRA adverse action requirements.

83. Defendant violated the provisions of 15 U.S.C. §1681b(b)(3) when it failed to provide the Plaintiff with a copy of her Consumer Report before taking adverse action.

84. On information and belief, First Advantage would not have provided the Defendant access to the Plaintiff's Consumer Report if the Defendant had failed to certify that it would abide by the FCRA adverse action procedures.

85. Defendant's actions deprived Plaintiff of a meaningful opportunity to invoke the discretion of the decision maker before withdrawal of her job offer.

86. Defendant violated its statutory and contractual obligations by systematically violating the provisions of the FCRA despite having received the benefits of obtaining regulated information concerning the Plaintiff.

87. Defendant exceeded any authorization provided by the Plaintiff.

88. Any authorization provided by the Plaintiff was akin to a contract in which the Plaintiff allowed the Defendant access to her personal information expecting the Defendant to provide the protections ensured by the FCRA in exchange for the access to the private and personal information.

89. Defendant’s procurement of the Plaintiff’s Consumer Report violated the good faith and fair dealing required in every contract.

90. The Defendant breached the parties’ covenant of good faith and fair dealing when it used Plaintiff’s alleged authorization to procure her Consumer Report then failed to provide her with a copy of the Consumer Report.

91. The Defendant breached the parties’ covenant of good faith and fair dealing when it used Plaintiff’s alleged authorization to procure her Consumer Report then failed to provide her with an opportunity to review, dispute, explain, and/or address the information in the Consumer Report.

92. Plaintiff did not receive the protections she was entitled to by law and contract because of the Defendant’s actions.

93. On information and belief, the Defendant has a practice of receiving a Consumer Report that conflicts with hiring standards and ignoring the job applicant moving forward.

94. On information and belief, the Defendant has a policy or practice to suspend the start dates of applicants because of a delay in receipt of a Consumer Report and then fail to provide the applicant with a new start date after the Consumer Report is completed.

95. Defendant is aware of the FCRA because, on information and belief, the Defendant executed a certification with the Consumer Reporting Agency that requires the Defendant to abide by the requirements of the FCRA.

96. Defendant knew that it must comply with the FCRA, but the Defendant failed to comply with such obligations.

97. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA are evidence that the Defendant's violations were reckless.



Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

98. The manner in which the Defendant took adverse action against the Plaintiff is consistent with its policies and procedures.

## CLASS ACTION ALLEGATIONS

99. Plaintiff asserts the following proposed classes:

**ADVERSE ACTION CLASS:** All natural persons residing within the United States and its Territories who were subject of a consumer report used by the Defendant for employment purposes within the previous five (5) years before the Plaintiff filed this Petition through the conclusion of this matter, and had a scheduled start date suspended in part because the Consumer Report was not complete and the Defendant left the Plaintiff and other Putative Class Members in a state of Purgatory.

**CERTIFICATION CLASS:** All individuals who were the subject of one or more Consumer Reports in which the Defendant falsely represented that it would comply with 15 U.S.C. §1681b(b)(3) for the period of the previous two years prior to the date of filing, through the conclusion of this matter.

**AUTHORIZATION CLASS:** All individuals who were the subject of one or more Consumer Reports in which the Defendant exceeded the authorization obtained from applicants for the period of the previous two years prior to the date of filing, through the conclusion of this matter.

### Numerosity

100. The proposed classes are so numerous that joinder of all members of each class is impracticable. Defendant, who employs more than 900,000 people, regularly obtains and uses information in Consumer Reports to conduct background checks on prospective employees and existing employees. Defendant regularly obtains Consumer Reports via false certifications and relies on the information therein, in whole or in part, as a basis for adverse employment action. Given the nature of Defendant's business, Plaintiff believes that during the relevant time period, at least 50 individuals would fall within the definition of each class.

### Common Questions of Law and Fact

101. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual members of each class. Among the questions of law and facts common to each class are:

a. Whether Defendant uses the information in an individual's Consumer Report to take adverse actions;

b. Whether Defendant violated the FCRA by taking adverse action against the Plaintiff and other Putative Class Members on the basis of information in a Consumer Report without first providing a copy of the report;

c. Whether the Defendant obtained Consumer Report via a false 15 U.S.C. §1681b(b)(1) certification;

d. Whether the Defendant exceeded the scope of the authorization;

e. Whether Defendant's actions were reckless; and

f. The proper measure of damages.

### Typicality

102. Plaintiff's claims are typical of the members of each proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other members of each class. Defendant typically uses Consumer Reports to take adverse actions but fails to provide the consumer a copy of the report before taking an adverse employment action based on information contained in said report. Additionally, before being provided with the Consumer Report the Defendant certified that the report would be used for employment purposes and to abide by §1681b(b)(2) and (3). The FCRA violations suffered by Plaintiff are typical of those suffered by other members of each class and the Defendant treated Plaintiff consistent with other members of each Putative Class in accordance with its standard policies and practices.



Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

**Adequacy of Representation**

103. Plaintiff, as representative of each class, will fairly and adequately protect the interests of each class and has no interest that conflict with or are antagonistic to the interest of the members of each class. Plaintiff has retained attorneys competent and experienced in FCRA class action litigation. No conflict exists between Plaintiff and members of each class.

**Superiority**

104. A class action is superior to any other available method for the fair and efficient adjudication of this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

105. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of each Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member of each class's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

106. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to each class, so that any final relief is appropriate respecting each class as a whole.

107. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to each Putative Class predominate over any questions affecting only individual members of each Putative Class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices,

Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

resulting in common violations of the FCRA. Members of each Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each member of each class's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all members of each Putative Class's claims in a single forum.

108. Plaintiff intends to send notice to all members of each Putative Class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential members of each class are available from Defendant's records.

## Count I
## Adverse Action

109. Plaintiff incorporates the foregoing paragraphs 9-107 as if fully set forth herein.

110. Defendant obtained a Consumer Report concerning the Plaintiff.

111. Defendant used the Consumer Report to take adverse action against the Plaintiff.

112. Defendant violated the FCRA by failing to provide Plaintiff with a copy of her report before taking adverse action.

113. Defendant violated the FCRA by failing to provide Plaintiff with a copy of her Consumer Report.

114. Defendant violated the FCRA by failing to provide the Plaintiff with a reasonable time to address the information in her report.

115. Defendant violated the FCRA by failing to provide the Plaintiff with a reasonable time to dispute her report.

Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

116. Had the Defendant complied with the FCRA, the Plaintiff would have been given time to review, explain, dispute and/or otherwise address the information contained in the Consumer Report.

117. Plaintiff would have never permitted the Defendant to obtain a copy of her Consumer Report had she known that the Defendant employed a policy to take adverse action in violation of the FCRA.

118. Plaintiff would have never permitted the Defendant to obtain a copy of her Consumer Report had she known that the Defendant would deny her the opportunity to dispute her Consumer Report before any adverse action.

119. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

120. Defendant acted in deliberate or reckless disregard of its obligations and the rights of the Plaintiff.

121. Defendant's reckless conduct is reflected by, among other things, the following facts:

a. Defendant has access to legal advice through outside employment counsel;

b. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA;

c. 15 U.S.C. §1681b(b)(1) required the Defendant to certify that the protections of 15 U.S.C. §1681b(b)(3) would be followed; and

d. Defendant entered a contract in which they contractually agreed to abide by the FCRA's adverse action requirements.

122. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

123. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

124. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**COUNT II**
**Authorization Violations**

125. Plaintiff incorporates the foregoing paragraphs 9-107 as if fully set forth herein.

126. Defendant obtained a Consumer Report concerning the Plaintiff under false pretenses.

127. Plaintiff would have never permitted the Defendant to obtain a copy of her Consumer Report had she known that the Defendant was obtaining Consumer Reports in violation of the FCRA.

128. Plaintiff would have never permitted the Defendant to obtain a copy of her Consumer Report had she known that the Defendant's alleged disclosures were misleading.

129. Plaintiff would have never permitted the Defendant to obtain a copy of her Consumer Report had she known that the Defendant's alleged authorizations were misleading.

130. Plaintiff would have never authorized the Defendant to obtain a copy of her Consumer Report if had she had known that the Defendant would violate the provisions of the FCRA, was obtaining Consumer Reports in violation of the law, and had a policy, pattern, and practice to take adverse actions in violation of the FCRA.

131. Defendant exceeded the scope of its purported disclosure and authorization and violated the rights of the Plaintiff.

132. Defendant's actions exceeded the scope of the plaintiff's consent.

133. The foregoing violations were reckless.

134. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

a. Defendant has access to legal advice through outside employment counsel;

b. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

c. 15 U.S.C. §1681b certification, addresses the requirement of obtaining and using a Consumer Report.

135. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

136. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

137. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## **Count III**
## **Certification Violations**

138. Plaintiff incorporates the foregoing paragraphs 9-107 as if fully set forth herein.

139. Consumer Reporting Agencies are legally prohibited from providing employment related Consumer Reports without first obtaining the certifications required by 15 U.S.C. §1681b(b)(1).

140. Prior to obtaining an applicant's Consumer Report for employment purposes the Defendant was required to provide to the Consumer Reporting Agency certification of the purpose and that FCRA protections would be abided by per 15 U.S.C. §1681b(b)(1).

141. According to the provisions of 15 U.S.C. §1681b(b)(1), Defendant cannot obtain an applicant's Consumer Report until they have certified that they have complied with the



Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

mandates of 15 U.S.C. §1681b(b)(2).

142. According to the provisions of 15 U.S.C. §1681b(b)(1), Defendant cannot obtain an applicant's Consumer Report until they have certified that they will comply with the mandates of 15 U.S.C. §1681b(b)(3) if that section becomes applicable.

143. According to the provisions of 15 U.S.C. §1681b(b)(1), Defendant cannot obtain an applicant's Consumer Report until they have certified that information from the Consumer Report will not be used in violation of any applicable federal or state equal employment opportunity law or regulation.

144. On information and belief, prior to obtaining a Consumer Report concerning the Plaintiff, the Defendant certified that they had complied with 15 U.S.C. §1681b(b)(2) and would comply with 15 U.S.C§1681b(b)(3) if that section became applicable.

145. On information and belief, prior to obtaining a Consumer Report concerning the Plaintiff, the Defendant also certified that information would not be used in violation of any applicable Federal or State equal opportunity employment law or regulation.

146. Defendant knew that it would not comply with the mandates of 15 U.S.C. §1681b(b)(1) prior to obtaining a copy of the Plaintiff's Consumer Report.

147. Defendant therefore made false certifications to obtain and use Consumer Reports for employment purposes.

148. The provisions of 15 U.S.C. §1681b(b)(1) are intended to protect the privacy rights of the Plaintiff.

149. The provisions of 15 U.S.C. §1681b(b)(1) are intended to protect the plaintiff's statutory right to review protected information.



Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

150. Plaintiff was injured by the Defendant's practice of obtaining Consumer Reports via false certifications.

151. Absent the Defendant's false certifications, the Defendant would not have gained access to the Plaintiff's Consumer Report, and the Plaintiff would not have been denied employment.

152. Plaintiff would have never permitted the Defendant to obtain a copy of her Consumer Report if had she known that the Defendant would violate the provisions of the FCRA, was obtaining Consumer Reports in violation of the law, and had a pattern, policy, and practice of. taking adverse action in violation of the FCRA.

153. Moreover, Plaintiff would have never permitted the Defendant to obtain a copy of her Consumer Report had she known that the Defendant would deny her the opportunity to dispute her Consumer Report before any adverse action.

154. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

155. The foregoing violations were made in reckless disregard of the law.

156. Defendant acted in deliberate or reckless disregard of its obligations and of the Plaintiff's rights.

157. Defendant's reckless conduct is reflected by, among other things, the following:

a. Defendant has access to legal advice through outside employment counsel;

b. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

c. Defendant made certifications per 15 U.S.C. §1681b(b)(1) that it purposely violated.



Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

158. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

159. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

160. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a. Holding that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

c. Directing proper notice to be mailed to the Putative Classes at Defendant's expense;

d. Finding that Defendant committed multiple, separate violations of the FCRA for each Putative Class Member;

e. Finding that Defendant acted recklessly in deliberate or reckless disregard of Plaintiff and the Putative Class Member's rights and its obligations under the FCRA;

f. Awarding statutory damages and punitive damages as provided by the FCRA;

g. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all causes of action and claims.

Respectfully submitted,

By: /s/ *Jayson A. Watkins*
Jayson A. Watkins, #61434
Siri & Glimstad LLP
745 Fifth Avenue Suite 500
New York, NY 10151
Direct: 929-274-2944
Main: 888-SIRI-LAW
jwatkins@sirillp.com
sirillp.com
ATTORNEY FOR PLAINTIFF



Case 5:25-cv-06178-FJG Document 1-1 Filed 10/16/25 Page 22 of 28

Electronically Filed - Buchanan - September 11, 2025 - 03:14 PM

# Summons in Civil Case

IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>DANIEL F KELLOGG | **Case Number: 25BU-CC01405** | |
| Plaintiff/Petitioner:<br>MYEESHIA RIGBY<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JAYSON WATKINS<br>301 S US 169 HWY<br>GOWER, MO 64454 | |
| Defendant/Respondent:<br>AMAZON LOGISTICS, INC. | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST<br>SAINT JOSEPH, MO 64501<br>**STATUS REVIEW HEARING DATE: DECEMBER 12, 2025 AT 8:30 A.M. DIV 4** | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | |

**The State of Missouri to: AMAZON LOGISTICS, INC.**
**Alias:**

**2299 S. WITHERS RD**
**LIBERTY, MO 64068**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***BUCHANAN COUNTY***

16-SEP-2025 — Date

/s/ J. Hunt — Clerk

**Further Information:**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
___________________________________________ (name) _____________________________ (title).

☐ other: ________________________________________________________________________.

Served at _______________________________________________________________________ (address)
in ________________________________ (County/City of St. Louis), MO, on ___________________ (date)
at ______________ (time).

_________________________________________    _________________________________________
Printed Name of Officer or Server    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ____________________________ (date).

*(Seal)*

My commission expires: __________________ ____________________________
Date    Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $______________ |
| Non Est | $______________ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $______________ (______ miles @ $.______ per mile) |
| **Total** | **$______________** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - BUCHANAN - September 23, 2025 - 01:55 PM

**IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI**

| | | |
|---|---|---|
| **MYEESHIA RIGBY** on behalf of herself and others similarly situated, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.: 25BU-CC01405 |
| **AMAZON LOGISTICS, INC.** | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**NOTICE OF FILING**

COMES NOW Plaintiff, Myeeshia Rigby, on behalf of herself and those similarly situated, by and through her attorneys, and hereby gives notice of filing the attached Affidavit of Service of Summons and Complaint on Defendant Amazon Logistics, Inc. with the Circuit Court of Buchanan County, Missouri.

Respectfully submitted,

Date: 9/23/2025

By: /s/ *Jayson A. Watkins*

Jayson A. Watkins MO 61434
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Direct: 929-274-2944
Email: jwatkins@sirillp.com

*Attorneys for Plaintiff*

EXHIBIT
1

Electronically Filed - BUCHANAN - September 23, 2025 - 01:55 PM

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of September, 2025, the foregoing was filed electronically with the Clerk of Court using the Missouri e-filing system and to be served by operation of the Court's electronic filing service on all counsel of record

The undersigned hereby verifies that an original of this filing was executed by counsel and that the same shall be maintained for a period of not less than the maximum allowable time to complete the appellate process.

/s/ *Jayson A. Watkins*

Electronically Filed - BUCHANAN - September 23, 2025 - 01:55 PM

IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

**MYEESHIA RIGBY on behalf of herself and others similarly situated,**

*Plaintiff(s) / Petitioner(s)*

Case No.: 25BU-CC014

v.

**AMAZON LOGISTICS, INC.**

*Defendant(s) / Respondent(s)*

**AFFIDAVIT OF SERVICE**

I, Doris Jackson, being duly sworn, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to AMAZON LOGISTICS, INC. in Cole County, MO on September 18, 2025 at 11:49 am at 221 Bolivar St, Ste 100, Jefferson City, MO 65101-1574 by leaving the following documents with LAUREN SHIPLEY who as Intake Specialist at CSC-Lawyers Incorporating Service Company is authorized by appointment or by law to receive service of process for AMAZON LOGISTICS, INC.

Petition
Summons

White Female, est. age 45-54, glasses: N, Brown hair, 160 lbs to 180 lbs, 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=38.5828644,-92.1793481
Photograph: See Exhibit 1

Total Cost: $119.00

[signature]
Signature
Doris Jackson
+1 (573) 680-2685

Subscribed and sworn to before me this 19 day of September, 2025, by Angela K Smith.
Witness my hand and official seal.

[signature]
Notary Public

My commission expires: Nov. 28, 2027

ANGELA K SMITH
Notary Public - Notary Seal
STATE OF MISSOURI
Cole County
My Commission Expires: Nov. 28, 2027
Commission # 23904207

Electronically Filed - BUCHANAN - September 23, 2025 - 01:55 PM

